```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VICKI ABDO                                          CIVIL ACTION

versus                                              NO. 06-9614

STATE FARM FIRE AND CASUALTY COMPANY                SECTION: E/
```

## ORDER AND REASONS

Plaintiff ("Abdo") filed a motion to remand this case to the 34th Judicial District Court for the Parish of St. Bernard, and for the imposition of fees and costs against State Farm for its improper removal. Record document #3.  Defendant State Farm opposes the motion.  After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## BACKGROUND

Abdo owns a home in Meraux, St. Bernard Parish[1].  The property, insured by a State Farm homeowners' policy, was damaged by Hurricane Katrina.  Ultimately, Abdo sued State Farm in state court alleging bad faith refusal to pay her claim for benefits under her homeowners policy.  Her complaint does not state a claim for a specific monetary amount, and does not demand a trial by jury.  State Farm removed the action alleging diversity jurisdiction.[2]

---

[1] Abdo's Complaint alleges that she is a domiciliary of Pearl River County, Mississippi, but the memorandum in support of the motion to remand alleges that she is a resident and domiciliary of St. Bernard Parish, Louisiana.  Her citizenship or residency is immaterial to this motion.

[2] The Notice of Removal also alleges subject matter jurisdiction pursuant to the MMTJA. The MMTJA provides for original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises

**ANALYSIS**

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723. When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues. Erie R.R. Co. v. Tompkins, 304 U.E. 64, 78 (1938).

Under Louisiana law, a petition may not make a demand for a specific monetary amount. La. C.C.P. art. 893(A)(1). There is no minimum jurisdictional amount for a claim in state district

---

from a single accident, where at least 75 natural persons have died in the accident at a discrete location". 28 U.S.C. 1369(a).

Because State Farm did not address this argument in its memorandum in opposition to the motion to remand, it is considered abandoned. Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1030 (5th Cir. Unit "B" 1980)("Failure to brief and argue an issue is grounds for finding that the issue has been abandoned.)

court, however, the jurisdictional amount for a jury trial is $50,000.00 (La. C.C.P. art. 1732(1)).  In a case where it is not facially apparent from the petition that the amount in controversy is less than $75,000.00, or if the amount in controversy is ambiguous, the court may consider post-removal affidavits or stipulations to determine the amount in controversy as of the date of removal.  Davis v. State Farm, 2006 WL 1581272, *3 (E.D.La. 06/07/06).  "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000.00 for his pre-removal state court pleadings and stipulations to bind him."  Id., at *2.

State Farm argues that the requisite jurisdictional minimum is met because the limits of the homeowners' insurance policy at issue less the amount that has been paid out to Abdo totals well over $75,000.00.  State Farm provided a copy of the Declarations Page of Abdo's homeowners' policy showing the various applicable coverage amounts totaling slightly over $170,000.00, and an affidavit of James Talley, State Farm's Team Manager, who testified that less than $9,000.00 has been paid to Abdo pursuant to her claims.

Abdo has rebutted the assertion that her claim is for more that $75,000.00 with the following sworn declaration dated 1/30/07, and signed by her:

-3-

> The total damages sought by me against State Farm Fire & Casualty Company for all elements of damage, inclusive of exemplary and punitive damages, penalties and attorneys fees, does not exceed the sum of $75,000.00, exclusive of interest and costs.
> I will not seek or accept any damages, recovery and/or award which may be rendered in the captioned matter in excess of $75,000.00, inclusive of exemplary and punitive damages, penalties and attorneys fees, exclusive of interest and costs.
> I declare under penalty of perjury that the foregoing is true and correct.

*See* record document #12.

It is not evident on the face of the complaint that the jurisdictional amount is met, but Abdo filed a binding stipulation that affirmatively renounces her right to accept a judgment in excess of $75,000.00 for her pre-removal state court pleadings.  The amount in controversy is less than the jurisdictional amount required for diversity jurisdiction. State Farm has not met its heavy burden of showing that removal was proper and that this Court has subject matter jurisdiction.

The Court further finds that the requested imposition of fees and costs against State Farm is unwarranted.

Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED** for lack of subject matter jurisdiction, and the captioned matter, C.A. 06-9614, is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard; and,

**IT IS FURTHER ORDERED** that the motion for imposition of fees and costs against State Farm is **DENIED.**

New Orleans, Louisiana, January 31, 2007.

*[signature]*
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge